IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | CR. No. C-06-645 |
| V. § | C.A. No. C-08-119 |
| § | |
| DOMINGO ROBLES-ZAVALA § | |
| § | |
| Defendant/Movant. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Domingo Robles-Zavala's ("Robles-Zavala") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 27.) The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court dismisses Robles-Zavala's § 2255 motion because he validly waived his right to file the two claims raised therein.[1] Cf. <u>United States v. Del Toro-Alejandre</u>, 489 F.3d 721 (5th Cir. 2007) (affirming this Court's sua sponte dismissal of a § 2255 motion

---

[1] The motion is also likely time-barred, although the Court does not dispose of it on that ground. <u>See</u> <u>infra</u> at Section IV.B.

1

based on a valid waiver, rather than requiring a government response).  Additionally, the Court denies Robles-Zavala a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

A.    **Summary of the Offense[2]**

On September 2, 2006, U.S. Border Patrol agents encountered Domingo Robles-Zavala, along with 19 additional illegal aliens, on the King Ranch near Falfurrias, Texas. The group of aliens were attempting to circumvent the U.S. Border Patrol checkpoint. Robles-Zavala stated that he illegally entered the United States by wading across the Rio Grande River near the Hidalgo, Texas, Port of Entry on August 31, 2006, with several family members. He told agents that he had departed from Honduras on or about August 3, 2006, with other immigrants with whom he was residing. He traveled by train and automobile, and he entered Guatemala legally from Honduras and Mexico illegally from Guatemala. After crossing the Rio Grande River, Robles-Zavala stated he walked for several days and encountered a large group of people walking in the brush. Robles-Zavala walked with this group through the brush until being apprehended by agents. At the time of his arrest, Robles-Zavala had in his possession 300 pesos ($30).

---

[2] The facts of the offense are taken from Robles-Zavala's Presentence Investigation Report ("PSR) at ¶¶ 4-5.

A records check revealed that Robles-Zavala was ordered deported by an immigration judge on February 17, 2006, and he was physically removed from the United States on March 8, 2006, through the Williams Gateway Airport in Chandler, Arizona. His removal was subsequent to a drug trafficking conviction in Case No. BA283921. No evidence was found that Robles-Zavala applied for re-admission into the United States.

## B.    Criminal Proceedings

On September 27, 2006, Robles-Zavala was charged in a single-count indictment with illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a)-(b). (D.E. 8.) On November 1, 2006, Robles-Zavala pleaded guilty to the indictment pursuant to a written plea agreement. (D.E. 14; see Minutes dated November 1, 2006.) In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 14 at ¶¶ 1-2.)

The plea agreement contained a voluntary waiver of Robles-Zavala's right to appeal and to file a § 2255 motion:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the

> Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  **The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.**

(D.E. 14 at ¶ 7 (emphasis in original).)  The agreement was signed by Robles-Zavala and his counsel.  (D.E. 14 at 5.)

At Robles-Zavala's rearraignment, the prosecutor summarized the written plea agreement, and included the statement that the defendant was giving up his "right to contest [his] conviction or sentence by any post-conviction proceedings." (Digital Recording of Rearraignment ("R. Rec.") at 2:06.)  After the summary, Robles-Zavala was given a copy of the agreement.  He testified that the agreement was his, that his attorney had read it to him in Spanish and explained it to him, that he understood it, and that he had signed it.  (R. Rec. at 2:07.)

The Court also questioned Robles-Zavala under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion.  The Court specifically admonished Robles-Zavala concerning his § 2255 waiver:

> **THE COURT:** By this agreement, you are giving up rights that you have to appeal your conviction and your sentence and rights that you have to file a petition later in the case after it becomes final, to modify or vacate your conviction or your

4

>sentence. By this agreement, you are giving up, therefore, your right to file any petition under Title 28 of the United States Code, Section 2255, and you are giving up your right to appeal my sentencing decision, as well as my decision on your guilt. Do you understand that you are giving up those rights . . . Mr. Robles?
>
>**THE DEFENDANT:** Yes.
>
>**THE COURT:** And have you discussed with your attorney whether or not you should give up those rights . . . Mr. Robles?
>
>**DEFENDANT:** Yes.
>
>**THE COURT:** Do you want to give up your rights . . . . Mr. Robles?
>
>**DEFENDANT:** Yes.

(R. Rec. at 2:09-2:10.) Robles-Zavala further testified that no one had promised him what his sentence would be. (R. Rec. at 2:10.) He testified that no one had threatened him or forced him to plead guilty, that no one had promised him leniency in exchange for his guilty plea, and that it was his decision to plead guilty. (R. Rec. at 2:04.) He also testified that he was pleading guilty because he had committed the offense. (R. Rec. at 2:05.)

It is clear from the foregoing that Robles-Zavala's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Robles-Zavala on January 18, 2007 to 51 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and

5

also imposed a $100 special assessment. (D.E. 24, 25.) Judgment of conviction and sentence was entered January 23, 2007. (D.E. 25.)

Consistent with his waiver of appellate rights, Robles-Zavala did not appeal. The instant § 2255 motion was received by the Clerk of this Court on April 14, 2008. (D.E. 27.)

### III.  MOVANT'S ALLEGATIONS

In his motion, Robles-Zavala lists two grounds for relief. First, he alleges that the Court erred in sentencing him with a criminal history category of VI, arguing that he instead should have been sentenced with a criminal history category of III and a guideline range of 30 to 37 months. (D.E. 27 at 4.)

Second, he claims that his sentencing counsel was constitutionally ineffective for failing to object to the Court's sentencing decisions and failing to object to the Court's alleged "erroneous" calculation of his criminal history category. (D.E. 27 at 5.)

### IV.  DISCUSSION

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B.   Timeliness of Robles-Zavala's Motion

As an initial matter, the Court notes that Robles-Zavala's motion is not timely filed. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The period for Robles-Zavala to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after January 23, 2007 was February 6, 2007. Robles-Zavala did not appeal and thus his conviction became final on that date. Robles-Zavala's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year later, on February 6, 2008. Robles-Zavala's motion is deemed filed as of April 9, 2008, the date that he states he placed it into the prison mail system for mailing. (D.E. 27 at 13.)[4] Thus, it was filed approximately two months beyond the deadline as calculated under § 2255(1), and is untimely.

In his motion, however, Robles-Zavala appears to be arguing for either equitable or statutory tolling under § 2255(2), or for equitable tolling. That is, Robles-Zavala explains that his motion was not timely filed because he was denied access to a legal library. He states that he was "barely had access to the law material," but was able to discover what he alleges was an error in his sentence.

Although Robles-Zavala does not cite directly to § 2255(2), the Fifth Circuit has recognized in a different context that, in limited circumstances, the government's failure to

---

[4] The Clerk received Robles-Zavala's motion on April 14, 2008. The motion indicates that it was delivered to prison officials for mailing on April 9, 2008, and it is thus deemed filed as of the earlier date. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS 3(d).

maintain an adequate law library could result in an "impediment" under a provision similar to § 2255. Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003). Thus, his motion could be read as requesting statutory tolling.[5] Similarly, although he does not appear to be seeking equitable tolling, the limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003)(quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

Rather than require a response by the government as to Robles-Zavala's request for tolling, however, the Court instead resolves his motion on an alternative ground. That is, even assuming the motion is not barred by the applicable statute of limitations, it still fails because Robles-Zavala clearly waived his right to raise the claims set forth therein.

## C.     Waiver of § 2255 Rights

Robles-Zavala's claims are not properly before the Court because he waived the claims he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing waiver of appeal rights). It is clear from the rearraignment recording that Robles-Zavala understood that he was waiving his right

---

[5] In a related context, and applying a similar statute, a calculation of the limitations period under a subsection other than (1) was referred to by the Fifth Circuit as "statutory tolling." See, e.g., Egerton v. Cockrell, 334 F.3d 443 (5th Cir. 2003) (discussing application of 28 U.S.C. § 2244(d)(1), which governs the limitations period for filing petitions under 28 U.S.C. § 2254 and is nearly identical to the limitations period set forth in 28 U.S.C. § 2255).

both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up); see supra at pages 3-5. Robles-Zavala's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Those statements support a finding that Robles-Zavala's waiver was knowing and voluntary.

Moreover, Robles-Zavala's claims fall within the scope of his waiver. They challenge either the Court's sentencing decisions or allege ineffectiveness of counsel at sentencing. Notably, neither challenge the validity of his plea or his waiver. Thus, his claims are not properly before the Court. See generally Wilkes, supra; White, supra.

For the foregoing reasons, Robles-Zavala's motion is barred in its entirety by his waiver and is therefore DISMISSED WITH PREJUDICE.

### D. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Robles-Zavala has not yet filed a notice of appeal,

this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Robles-Zavala has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists would not disagree that the claims raised

in his motion are barred due to his waiver. Accordingly, Robles-Zavala is not entitled to a COA.

## V. CONCLUSION

For the foregoing reasons, Robles-Zavala's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 27) is DISMISSED WITH PREJUDICE. Robles-Zavala is also DENIED a Certificate of Appealability.

It is so ORDERED this 11th day of August, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE